Francis T. Murphy, J.
Petitioner, pursuant to article 78 of the CPLR, seeks a review and annulment of the determination of the New York City Housing Authority denying her and her family admission to tenancy in public housing operated by respondent.
Petitioner contends that she is qualified for tenancy and has complied with all of the required application procedures, and that the standards used by respondent to determine qualifications of tenancy deny her and her family the equal protection guaranteed by the 14th Amendment of the Constitution of the United States in that the said standards are arbitrary, capricious, unreasonable and unrelated to the declared purpose and public policy of the respondent.
Respondent is a public corporation organized and existing by virtue of the Public Housing Law of the State of New York. Pursuant to its legal authority respondent owns and operates low-rent public housing within the City of New York to provide housing accommodations in such properties for families of low income who qualify pursuant to law and to regulations made by the said respondent. Respondent, in the operation of its properties, has established eligibility requirements for applicants. These regulations and requirements are contained in Authority Resolution No. 12-9-683 entitled “ Resolution Relating to Desirability as a Ground for Eligibility ’ ’ and have been made a part of the record herein. Section 1 of the said resolution sets forth that nondesirability standards and procedures have been established to insure the health, safety, morals and comfort of public housing tenants, to protect the property of the Authority and to facilitate the proper administration by the Authority of its projects. The standards for judging nondesirability are set forth in section 2 of the said resolution as follows: “ Section 2. Ground for Eligibility. It shall be a ground for eligibility for admission or continued occupancy in any Authority project, that the tenant or applicant is or will be a desirable tenant. The standard to be used in approving eligibility for admission or continued occupancy of a family shall be that the family will not or does not constitute (1) a detriment to the health, safety or morals of its neighbors or the community, *831 (2) an adverse influence upon sound family and community life, (3) a source of danger to the peaceful occupation of the other tenants, (4) a source of danger or cause of damage to the premises or property of the Authority, or (5) a nuisance. In making such determination consideration shall be given to the family composition, parental control over children, family stability, medical and other past history, reputation, conduct and behavior, criminal record, if any, occupation of wage earners, and any other data or information with respect to the family that has a bearing upon its desirability, including its conduct or behavior while residing in a project. Any applicant or tenant determined to be ineligible by virtue of the standard herein set forth shall be declared to be ineligible on the ground of N on-Desirability. ’ ’
There can be no doubt that the respondent, to protect the large concentration of children and elderly persons who reside within its properties, must take steps to prevent the development of unsafe conditions therein. Without a proper screening of prospective tenants the dangers to those persons residing therein would be multiplied many times over.
In the case of Matter of Sanders v. Cruise (10 Misc 2d 533, 536) the court, in ruling upon a desirability resolution substantially similar to the instant one, said: “ There can be no doubt that the Authority’s [desirability] standard for continued occupancy is reasonable and necessary ”.
In the course of its routine investigation relating to the desirability of the petitioner as a tenant the respondent discovered, among other things, that petitioner’s husband, during the past eight years, has been arrested seven times. On four of these occasions he has been adjudicated a youthful offender or a juvenile delinquent. On at least two occasions he has been incarcerated. In addition to the four juvenile and youthful offender offenses, he was, in 1964, arrested for disorderly conduct, found guilty and sentenced to 10 days in the Workhouse. In July of 1965 he was arrested for possession of drugs, which charge was ultimately dismissed. The record further reveals that the first juvenile delinquency adjudication was as a result of an altercation with one of the respondent’s public housing guards.
Respondent, in applying the facts in the instant case to the eligibility resolution above set forth, has concluded that the background of petitioner’s husband makes a clear case of non-desirability within the standards and regulations provided by respondent. This court agrees with the fundamental proposition advanced by petitioner that adjudication of a person as a youth *832 ful offender or juvenile delinquent, standing by itself, cannot be utilized to operate as a forfeiture of any right or privilege nor to disqualify that person from certain rights specified in the applicable statutes. However, this does not mean that an applicant’s entire behavior pattern over a period of years may not be the proper subject of scrutiny by an administrative agency before granting a right or privilege such as eligibility to public housing. As was stated in the case of Matter of Strong v. Kennedy (29 Misc 2d 54, 55, 56): “ It is not held here that adjudication of juvenile delinquency may never be taken into account in weighing the suitability for appointment of an individual. * * * Discrimination must be made between misbehavior which is isolated and arises out of the highspirited nature of youth and its inherent instability and misconduct which is continuous and basic.”
There is ample in the record for the respondent to have concluded that petitioner’s husband has been engaged in a course of conduct which is within the intendment of the nondesirability resolution. The transgressions of petitioner’s husband have not been isolated, but have followed a continuous basic pattern over the course of the last several years. As recently as two years ago, he has been found guilty of disorderly conduct and sentenced to the Workhouse.
Accordingly, the court finds that in the circumstances presented the actions of the respondent were reasonable and the standards applied by said respondent with respect to petitioner’s application were applied reasonably and justified the action taken by the said respondent. The petition is dismissed.