Evelyn **DAVIS** and Anna Richardson on Behalf of Themselves and All Other Persons Similarly Situated, Plaintiffs,

v.

**TOLEDO METROPOLITAN HOUSING AUTHORITY,**

and

A. Gideon Speaker, Individually and in his Capacity as Chairman of the Board of the Toledo Metropolitan Housing Authority, Defendants.

No. C 70-81.

United States District Court, N. D. Ohio, W. D.

April 8, 1970.

---

Gerald Lackey, Earl Staelin, R. Michael Frank, Toledo, Ohio, for plaintiffs.

James Nestroff, Toledo, Ohio, for defendants.

## OPINION

DON J. YOUNG, District Judge.

This is an action brought by the plaintiffs as individuals and as representatives of other persons similarly situated attacking certain regulations and practices of the defendant Toledo Metropolitan Housing Authority, hereinafter referred to as the Authority.

The plaintiffs by motion seek a preliminary injunction restraining the defendants from:

(1) denying admission to plaintiffs, Evelyn Davis and Anna Richardson unless the means conform to due process;

(2) continuing to enforce TMHA regulation # 3478; and

(3) continuing to deny admission to qualified applicants unless said applicants have been first afforded notice and a reason for the denial of their application, an opportunity to contest the reasons for the denial at a fair hearing which complies with the elements of due process and equal protection of the laws.

A hearing was had upon this motion at which evidence was introduced in support of the plaintiffs' contentions. After consideration, this Court finds that the plaintiffs are entitled to some, but not all, of the relief sought by their motion.

At the outset, it should be stated that at this point in the proceedings, there is a serious question as to whether this case may be brought as a class action, and if so, who are properly members of the class, and whether the plaintiffs are proper representatives of the class. Until these matters can be presented and resolved, the relief sought upon this motion will be granted to the individual plaintiffs only.

The first relief sought by the plaintiffs is that the Authority be restrained from denying them admission to housing unless the means of denial conform to due process. Specifically, plaintiffs contend that they were ruled ineligible without being granted a hearing at which they could confront the witnesses upon whose reports their eligibility was determined, and offer evidence to contradict that against them.

The defendants suggest that no such hearing is required, and that plaintiffs did not avail themselves of existing administrative procedures for attacking the determination against them.

Since the recent decision of the Supreme Court of the United States in Goldberg, Commissioner v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, and Wheeler v. Montgomery, Director, 397 U.S. 280, 90 S.Ct. 1026, 25 L.Ed.2d

307, there can be little doubt that recipients of public benefits are entitled to an evidentiary hearing before their benefits may be terminated. It seems clear, therefore, that those seeking to be declared eligible for public benefits may not be declared ineligible without the opportunity to have an evidentiary hearing. In spite of plaintiffs' demand for such a hearing, it was not granted. Nor is this denial excused by plaintiffs' failure to seek administrative relief.

█ Although the question of present and irreparable harm to plaintiffs in this case is by no means so clear as in the *Goldberg* case, since a determination of eligibility does not automatically insure the applicant of immediate housing, nevertheless an applicant cannot start to wait out the necessary delays until he is declared eligible, and time once lost can never be regained. The Court will therefore grant a preliminary injunction restraining the defendants from continuing to refuse the plaintiffs a hearing upon the question of their eligibility for housing.

The second element of relief sought is an order restraining the defendants from continuing to enforce regulation # 3478. Although the evidence about this regulation is a bit vague as to its actual number, apparently plaintiffs' Exhibit 5, which also appears as the last page, numbered "Exhibit A", of defendants' Exhibit A, is the offending regulation. Defendants' Exhibit A is headed "Admission and Continued Occupancy Policies and Regulations", and is denominated "Resolution No. 3675".

█ This regulation provides in substance that in order to be eligible for housing, a family is not, or will not be:

(1) A detriment to the health, safety or morals of its neighbors or community,

(2) An adverse influence upon sound family and community life,

(3) A source of danger to the peaceful occupation of the other tenants,

(4) A source of danger or cause of damage to the premises or property of the Authority, or

(5) A nuisance . . . .

The regulation goes on to provide what shall be considered in determining eligibility, and concludes that an applicant or tenant determined to be ineligible by virtue of its standards shall be declared to be ineligible on the "grounds of nondesirability."

Plaintiffs attack those standards on grounds of overbreadth and "lack of objectivity", the latter of which apparently means vagueness. Plaintiffs say in their memorandum of law (p. 11) that the standards "serve neither to confine the discretion of the administrators who implement them nor to advise those subject to them of what conduct is prohibited."

In this argument the plaintiffs are taking the position currently popular with certain legal theorists that all injustice and wrong can be prevented by the simple process of making infinitely involved and technical rules to eliminate any possible use of any discretion by anybody. In that view, no simple statute, ordinance, or regulation can ever be valid. Only a complete code, comparable, say, to the *Corpus Juris*, can insure liberty and justice.

This Court is not a subscriber to this theory. Long years of practical experience have demonstrated that no matter how devious the minds of those who seek to spin a legal net so strong and fine that none can slip through its meshes, other equally devious minds will find loopholes. It is an exercise in futility to expect to procure justice by eliminating all need for the exercise of judgment and discretion.

Regardless of theoretical considerations, however, the law is clear that even a criminal statute may be valid, although it uses simple words in their or-

dinary meanings, rather than an incomprehensible mass of intricate and technical verbiage.

Taking specifically the standards of the regulation here in question (plaintiffs' Exhibit 5), the first numbered paragraph forbids "a detriment to the health, safety, or morals of its neighbor or community." There are numerous cases holding that statutes which forbid persons from aiding, abetting, causing, encouraging or contributing to, or acting in a way tending to cause a minor to so deport himself as to injure or endanger the health, safety, or morals of himself or others will support a conviction. See, e.g. State v. Barone, 124 So.2d 490 (Fla.1960) and McDonald v. Commonwealth, 331 S.W.2d 716 (Ky.Ct. of App. 1960). The standard here is no more vague than the statutes upheld in these cases involving criminal prosecution, which require much more stringent rules than we are concerned with in such administrative procedures as are involved here.

The fifth numbered paragraph forbids an applicant or tenant from constituting "a nuisance". The word "nuisance" has a very precise and definite meaning in law. Statutes, for example, which require public authorities to keep streets and highways "free from nuisance" have been considered and upheld on numerous occasions. A rule against nuisances is certainly neither vague nor overbroad, particularly when it is taken in context here.

The remaining three numbered paragraphs are certainly no less precise or meaningful to one who considers the language used in its ordinary meaning. No lay person should have any difficulty whatever in deciding what these standards forbid, and no reviewing authority should have any practical difficulty in deciding whether or not they have been complied with.

The one flaw in the regulation is the final provision that applicants or tenants found ineligible under the standards fixed should merely be declared ineligible "on the 'grounds of non-desirability' ". Any applicant or tenant declared ineligible under these standards has the right to be informed specifically of the fact found as a basis for ineligibility under the standards.

■■ Since this Court has already held that the plaintiffs are entitled to a hearing, it would follow that after such hearing the Authority must render findings of fact and conclusions as to the plaintiffs' eligibility. This would not be accomplished by merely stating that the plaintiffs were ineligible on the grounds of undesirability. A preliminary injunction will therefore issue restraining the defendants from making any determination of ineligibility under the standards set forth that does not state with particularity which of the five specific standards are involved, and in what respects the plaintiffs come within them.

The final relief sought by plaintiffs is a preliminary injunction to restrain the defendants with respect to applications of persons other than the plaintiffs. Unitl it has been established that this is a proper class action, and the membership in the class, and the plaintiffs' right to represent the class have been determined in accordance with the Federal Rules of Civil Procedure, there can be no determination that a final judgment would include such relief as is sought here. The Court will therefore reserve ruling upon this branch of plaintiffs' motion until the case is in a posture for a proper ruling.

Plaintiffs may prepare and submit an entry in accordance with this memorandum.