John W. Sweeny, J.
This is an article 78 proceeding brought by petitioner Willie Sumpter to review and annul the determination of the respondent White Plains Housing Authority that petitioner is ineligible for admission as a tenant in respondent’s public housing project.
In September of 1968 petitioner made an application for admission to respondent’s housing facility. In June of 1969, petitioner was given a personal interview with the Executive Director, at which time petitioner was informed that his application was being rejected because of his criminal record and trouble with the police which therefore prevented him from meeting the standards of desirability as a tenant. Petitioner was further informed that his application would be reviewed at the end of the summer by the board of the housing authority. By letter dated September 26,1969 respondent notified petitioner that his application had been reviewed and rejected upon a determination that he was not eligible for admission as a tenant.
Petitioner contends that the rejection of his application was arbitrary and unlawful in that respondent’s criminal record does not constitute a course of conduct sufficient to disqualify him as an eligible tenant under the standards of desirability since the charges were minor and remote in time. Petitioner also argues that he was denied procedural due process in violation of the Fourteenth Amendment by the failure of the respondent to afford him an evidentiary hearing before his application was denied.
It appears respondent’s determination that petitioner was ineligible for admission was based primarily upon petitioner’s police record in the City of White Plains, New York. The record consists of several traffic violations, the last one being in 1966, and disorderly conduct charges, the last one being in 1963, for Avhich small fines were imposed. Whether this record, old as it is, is a sufficient basis for finding petitioner ineligible under the standards of desirability for low income housing tenants is questionable (cf. Matter of MaNIgo v. New York City Housing Auth., 51 Misc 2d 829). It is not necessary to determine this question on this meager record, however, since the due process standards enunciated in Matter of Williams v. White Plains Housing Auth. (62 Misc 2d 613) clearly were not met in this case.
As indicated in Matter of Williams the applicant must have adequate and timely notice detailing the reasons for the proposed denial of his application. Petitioner was merely informed during an interview that his application was being rejected because of his criminal record. The formal notice of rejection sent thereafter not only did not list the reasons but also failed to *656 state that he would be apprised of them at a personal interview at the office of the respondent as required by section 156-a of the Public Housing Law. In addition an applicant must be afforded, as was not done here, an evidentiary hearing at which with the aid of counsel, if he desires, he has the opportunity to confront and cross-examine any adverse witnesses and to present his own arguments and evidence. Findings of fact after such a hearing will serve to facilitate any judicial review of the matter.
It is noted that respondent has stated as additional grounds for denial of the application the petitioner’s failure to comply with residency requirements, to produce proof of divorce and to produce a birth certificate for his third son. These grounds have not been considered by the court at this time because of the holding that petitioner must be given a full and fair hearing. Any or all of these matters, however, may be raised at such a hearing and considered by respondent.
The determination of the respondent is annulled and the matter is remanded to the respondent for action consistent with this opinion.