**Eleanore NEDDO, Individually and on behalf of all others similarly situated,**
**Plaintiff,**

v.

**The HOUSING AUTHORITY OF the CITY OF MILWAUKEE et al.,**
**Defendants.**

**No. 70–C–197.**

United States District Court,
E. D. Wisconsin.

Nov. 26, 1971.

Milwaukee Legal Services, by Robert D. Repasky, Milwaukee, Wis., for plaintiff.

John J. Fleming, City Atty., City of Milwaukee, by Joseph M. Misany, Milwaukee, Wis., for defendants.

## DECISION

MYRON L. GORDON, District Judge.

The plaintiff Eleanore Neddo alleges that certain of her civil rights were violated by the defendants' practice of rejecting applications for public housing without "a constitutionally adequate opportunity for review," when the records

of the housing authority show that the applicant owes rent from a previous occupancy of public housing. Mrs. Neddo seeks both injunctive and declaratory relief and brings her action pursuant to 42 U.S.C. § 1983; jurisdiction is based upon the provisions of 28 U.S.C. §§ 1343(3) and (4) and 2201.

After the complaint and answer were filed in this case, the plaintiff moved for summary judgment; the motion was denied by this court in a decision and order entered on December 4, 1970. At the conclusion of a trial to the court on October 20, 1971, counsel for the parties were invited to supplement their oral arguments with written memoranda on the issues of law raised in the present action; however, only the attorney for the plaintiff filed a post-trial brief with the court.

The parties stipulated to many of the facts upon which this court's decision depends. In the fall of 1960, Mrs. Neddo and her then husband, William Liephardt, entered into a lease for a three-bedroom unit in the housing authority's Parklawn Housing Project. On August 29, 1960, Mr. Liephardt was ordered by a state divorce court to vacate the premises and to make support payments weekly in the sum of $28.00; Mr. Liephardt left on September 5, 1960, and his wife and their three children remained as occupants of the three-bedroom home.

On September 12, 1960, the plaintiff was served with a notice to pay the September, 1960, rent of $69.00 within three days. The rent was not paid, and an eviction action followed in which the housing authority was granted restitution of the premises occupied by Mrs. Neddo and her children. When the plaintiff vacated the home on October 26, 1960, $81.87 in back rent was owed the housing authority, and the plaintiff concedes that, to date, the $81.87 has not been paid.

On several occasions in 1969 and 1970, Mrs. Neddo applied for re-entry into low-income public housing. Her application was rejected in each instance because of the defendants' admitted policy of "rejecting applications for housing of persons with unpaid rent records"; the defendants agree that, "except for . . . [the] . . . unpaid rent, . . . [the plaintiff] . . . would otherwise be eligible for public housing in the city of Milwaukee."

The plaintiff argues that she has been denied procedural and substantive due process in that the defendants have refused to grant her a hearing at which she could present evidence to support her contention that she is not liable for the unpaid rent attributable to her earlier tenancy. She also contends that

" . . . a refusal to balance and consider the applicant's income at time of application and such changes in circumstance as have occurred since the time the charges accrued, assuming that such charges are in fact proper, is arbitrary, capricious, and contrary to the intent and purposes of the statutes establishing and providing for public housing."

In addition to an order enjoining the defendants from refusing to grant her a hearing or an opportunity for review, Mrs. Neddo seeks to have her application for re-entry reinstated "so as to make . . . [it] . . . effective as of the date said [application was], in fact, first made."

I am not willing to find that a policy that, in an appropriate situation, denies admittance to an applicant who is in arrears for rent for a previous public-housing occupancy does not serve some valid administrative purpose. On the other hand, it is stated in Colon v. Tompkins Square Neighbors, Inc., 294 F.Supp. 134, 138 (S.D.N.Y.1968), that:

"The day has passed when a citizen's right to participate in publicly-aided, publicly-supervised projects can be irrationally or arbitrarily withheld. Rudder v. United States, 96 U.S.App. D.C. 329, 226 F.2d 51, 53 (1955); Thomas v. Housing Authority, 282 F. Supp. 575, 580–581 (E.D.Ark.1967); see Holmes v. New York City Housing

Authority, [398 F.2d 262 (2d Cir. 1968)]."

See also McDougal v. Tamsberg, 308 F. Supp. 1212, 1214 (S.C.1970).

In my opinion, the policy under scrutiny in the present action possesses the fatal flaw of inflexibility. Thomas v. Housing Authority of City of Little Rock, supra, 282 F.Supp. at 580. Procedurally, Mrs. Neddo was entitled to an administrative hearing by the housing authority. The automatic rejection without a hearing of the application of one who the defendants believe owes back rent forecloses any assertion of nonliability for the amount alleged to be due or other valid justification for nonpayment. In Davis v. Toledo Metropolitan Housing Authority, 311 F.Supp. 795, 796 (N.D.Ohio 1970), the court said:

"Since the recent decision of the Supreme Court of the United States in Goldberg, Commissioner v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed. 2d 287, and Wheeler v. Montgomery, Director, 397 U.S. 280, 90 S.Ct. 1026, 25 L.Ed.2d 307, there can be little doubt that recipients of public benefits are entitled to an evidentiary hearing before their benefits may be terminated. It seems clear, therefore, that those seeking to be declared eligible for public benefits may not be declared ineligible without the opportunity to have an evidentiary hearing."

See also Barnett v. Lindsay, 319 F.Supp. 610, 612 (Utah 1970).

■ In Junker v. Housing Authority of the City of Milwaukee, No. 68–C–303 (E.D.Wis. decided February 2, 1970), another branch of this court granted summary judgment in favor of a plaintiff who, like Mrs. Neddo, had seen her application for public housing rejected because of unpaid rent from a previous occupancy. Mrs. Neddo's case is factually distinguishable from Mrs. Junker's, for there was evidence in *Junker* that the plaintiff was unaware of the unpaid rent; moreover, the court in *Junker* declined to find that the plaintiff represented a "cognizable class" or that the complained-of policy was "whol-ly" arbitrary and unreasonable. The court did state, however, (at page 5 of the slipsheet opinion):

"[The] policy requires refusal to consider applications for housing from persons responsible for payment of unpaid rent from a prior tenancy. It requires this refusal regardless of the ability of those persons to have paid or to pay, and regardless of any change of circumstances establishing an ability to pay in the future. As applied to this plaintiff, the policy is arbitrary and unreasonable."

Similarly, as applied to Mrs. Neddo, I find that the defendants' policy is arbitrary and unreasonable and that the plaintiff in the present action is entitled to an order which requires the defendants to hold a hearing at which Mrs. Neddo can attempt to show that the arrearage in rent was not her liability or that she is otherwise not chargeable with the default.

■ The hearing contemplated in this decision may be informal in the sense that no stenographic record is to be required nor need the witnesses be placed under oath. While the plaintiff shall not be required to appear with counsel, the housing authority should allow such representation at the plaintiff's request and at her own expense. The hearing shall be formal, however, in the sense that reasonable written notice of the time and place of the hearing must be afforded the plaintiff and that a written decision must be given to the plaintiff within a reasonable time after the hearing; the decision "should state the reasons for . . . [the] . . . determination and indicate the evidence . . . relied on . . . though . . . [the] . . . statement need not amount to a full opinion or even formal findings of fact and conclusions of law." Goldberg v. Kelly, supra, 397 U.S. at 271, 90 S.Ct. at 1022. If at the conclusion of the hearing it is found that Mrs. Neddo is entitled to re-entry, her application must be made effective as of the date when first filed with the housing authority.

In addition, it should be noted that, while not applicable at the time that Mrs. Neddo first applied for re-entry to public housing, § 214 of the Housing and Urban Development Act of 1969 (42 U.S.C. § 1410(g) (4)) provides, in part:

"[Any] applicant determined to be ineligible for admission to the [public housing] project . . . [shall be provided] . . . upon request, within a reasonable time after the determination is made, with an opportunity for an informal hearing on such determination."

A Department of Housing and Urban Development circular designed to implement § 214, attached to the plaintiff's post-trial brief as "Exhibit A," sets forth an outline for "hearings for ineligible applicants" which appears to be consonant with the procedure to be followed in the hearing to which Mrs. Neddo is entitled.

Finally, Mrs. Neddo has brought her action on behalf of herself "and all others similarly situated," apparently pursuant to Rule 23, Federal Rules of Civil Procedure. The parties have stipulated that "between January 1, 1969, to May, 1971, nine (9) persons were rejected for re-entry into public housing because of prior unpaid rents"; in addition, however, Mrs. Neddo argues that the number of persons who have moved from public housing in Milwaukee with unpaid balances is "so large as to make the class suit superior to any alternative method of adjudication."

Notwithstanding the plaintiff's arguments, it is my opinion that there has not been a sufficient showing that, in the language of Rule 23(a) (1), "the class is so numerous that joinder of all members is impracticable." When a complaint attempts to qualify as a class action under section (b) (2) of Rule 23, the hurdle imposed by section (a) must first be surmounted. While "courts should not be so rigid as to depend upon mere numbers as a guideline to practicability of joinder," the burden of proving impracticability is upon the plaintiff, and this burden has not been met in the present case. Demarco v. Edens, 390 F. 2d 836, 845 (2d Cir. 1968); Phillips v. Sherman, 197 F.Supp. 866, 869 (N.D.N. Y.1961). The relief granted in this decision is to be limited to Mrs. Neddo.

Counsel for Mrs. Neddo are requested to prepare an order in accordance with the foregoing decision. The order, however, should be limited to enjoining the defendants from refusing to grant to Mrs. Neddo a hearing of the nature discussed above; the order may also provide that, if the plaintiff is found eligible for re-entry, she is entitled to have her application considered to be effective as of the date when first made. With respect to declaratory relief, the order may contain the conclusion that the policy of rejecting applications for re-entry without a hearing is arbitrary and unreasonable as to Mrs. Neddo. Insofar as the complaint seeks other relief, the order should deny such relief. The order may be submitted to the court only after it is first exhibited to counsel for the defendants.