Simon J. Liebowitz, J.
In this article 78 proceeding petitioner seeks an order to annul the determination of respondent, New York City Housing Authority, denying petitioner’s application for placement in low rent public housing.
The papers submitted reveal that on January 2, 1973 petitioner filed an application for housing with respondent under *160 the name of Suarez, file No. 80206, stating that her family consists of nine persons; a son, Edward, age 19 was not listed as a member of the household.
On January 3, 1973 petitioner filed another application No. 80403 under the names Suarez, Solis and Velez. On this application Edward is listed as a member of the household.
On March 19, 1973 petitioner was informed that her application was denied because of the lack of verifiable income for her son, Edward.
On March 29,1973 petitioner appeared at respondent’s review board advising them that her son, Edward, did not reside with her. In a letter dated March 29,1973 addressed to respondent’s review board, petitioner reiterated that her son, Edward, did not reside with her but then concluded that he should be considered as a part of the family unit ‘1 cause one day he would come home.”
However, on or about May 1,1973 petitioner submitted a sworn statement of Joaquina Montanez, Edward’s sister, affirming that Edward was residing with her. Edward likewise submitted a statement stating that he resided with his sister.
By letter dated June 18,1973 respondent reaffirmed its original denial of petitioner’s application.
Petitioner now brings this proceeding claiming that respondent’s action was arbitrary and capricious. Petitioner also argues that she was denied an informal hearing of the issues in violation of her due process rights.
The right to an evidentiary hearing for parties whose applications for public housing have been denied has been examined by the Court of Appeals in the recent case of Matter of Sumpter v. White Plains Housing Auth. (36 A D 2d 728, affd. 29 N Y 2d 420, cert. den. 406 U. S. 928).
In that case petitioner’s application for public housing was rejected without specification of any ground other than he had been found ineligible whereas the pertinent statute (Public Housing Law, § 156-a) provides that an applicant be apprised of the reasons for rejection at a personal interview. Special Term found that the Housing Authority’s failure to state the reasons for its denial violated section 156-a of the Public Housing Law and annulled the determination and remanded the matter to the Authority .for a “full evidentiary hearing”. On appeal the Appellate Division reversed on the law and granted the petition only to the extent that the matter be remanded for action consistent with section 156-a of the Public Housing Law. The Appellate Division in reversing the Special Term held that on this question of . providing a full evidentiary hearing a distinc *161 tion must be made between an eviction of a tenant already in public housing and an initial application for housing. In the former case a full evidentiary hearing is indicated but not so in the latter situation. Stated differently, a party aggrieved by a loss of a pre-existing right or privilege may enjoy procedural rights not available to one denied the right or privilege in the first instance. The Appellate Division stated that the distinction is critical.
The Court of Appeals concurred in the ruling by the Appellate Division and held that the limitations imposed by the Appellate Division upon the hearing to be had upon remand were proper.
The Court of Appeals (p. 424) in its decision stated the question for review as follows: “Thus, the issue on this appeal *• * * is whether the Appellate Division was correct in rejecting Special Term’s holding that petitioner was entitled to a 1 full evidentiary hearing ’ ”.
Petitioner seizes upon the phrase “full evidentiary hearing ”, to suggest that the holding by the Court of Appeals is limited in its scope; that the Court of Appeals was not asked to nor did they rule on the question whether an informal hearing was mandated on due process grounds or by statute. They simply held that due process does not require the full evidentiary hearing allowed those with pre-existing rights.
A close analysis of that case reveals that the holding was not as narrow as petitioner suggests. It should be noted that the Court of Appeals affirmed the order of the Appellate Division which granted the petition only to the extent that the matter is remanded to the Authority for action consistent with section 156-a of the Public Housing Law. This view is supported by a footnote to the case where the Court of Appeals stated (p. 426), “We find unpersuasive Davis v. Toledo Metropolitan Housing Auth. (311 F. Supp. 795, 797 [U. S. Dist. Ct. N. D. Ohio]) which seems to be the only case on point with that before us, and which held that applicants for public housing may not be declared ineligible without an opportunity for an evidentiary hearing, citing Goldberg as authority for that conclusion.”
Section 1410 (subd. [g], par. [4]) of title 42 of the U. S. Code directs an informal hearing upon a determination of ineligibility for public housing. Petitioner urges that she is protected under the terms of that statute. The court is of the opinion that this Federal statute is not controlling herein; that its application would apply in Federal housing projects and there is no indication in this record that this application involves a Federal project. Moreover, it is interesting to note that this section was *162 cited by petitioner in- the Sumpter case (supra) in his brief before the Court of Appeals. The Court of Appeals did not allude to the statute in its decision. Thus, one can conclude that the court considered the statute and found it inapplicable.
The court is also of the opinion that the procedures for review contained in section 156-a of the Public Housing Law and in the Authority’s guidelines 'sufficiently satisfy due process rights.
The various Federal cases cited by petitioner which seem to sustain her position are likewise not controlling. These cases are Federal District cases in other jurisdictions, and accordingly not binding upon us, particularly, in view of the Court of Appeals ruling on this question.
The court is also of the opinion that the action by the respondent Authority in denying petitioner’s application was not arbitrary under the circumstances. The various applications filed by petitioner cast serious doubts as to the actual residence of her son. The failure to verify the income of her son, 19 years of age, is also of paramount importance. The income of the entire family is one of the bases for determination of rent to be charged. The sources and the steadiness of the income are also factors in ascertaining an applicant’s ability to pay the required rent.
Moreover, the fact that the applicant’s family includes an adult nonworking person who does not attend school bears on the question of desirability, a consideration within the province of the Authority.
Accordingly, the petition is dismissed in all respects.