Gwen LANCASTER, on Behalf of Herself and all persons similarly situated, Plaintiffs,

v.

SCRANTON HOUSING AUTHORITY; Paul J. Cusick, Individually and in his capacity as Executive Director of the Scranton Housing Authority; and their Agents, Employees, Successors in Office, and all persons acting in concert or cooperation with them, or at their direction or under their control, Defendants.

Civ. A. No. 77–1030.

United States District Court, M. D. Pennsylvania.

Aug. 29, 1979.

O. Randolph Bragg, Northern Pennsylvania Legal Services, Scranton, Pa., for plaintiffs.

O'Malley, Jordan & Mullaney, Scranton, Pa., for defendants.

MEMORANDUM AND ORDER

CONABOY, District Judge.

This is an action brought under the United States Housing Act of 1937, as amended,

42 U.S.C. Section 1437; the regulations promulgated thereunder by the U.S. Department of Housing and Urban Development; 42 U.S.C. Section 1983; and the Fourteenth Amendment to the Constitution. Plaintiff alleges that the Defendant Scranton Housing Authority denied her due process of the law by its actions in connection with its denial of her application for low cost housing. Presently before the Court are Plaintiff's motions for summary judgment and for determination as a class action. Defendants in their Brief have asked for judgment on their behalf. It is the opinion of this Court that there exists no genuine issue of material fact, and therefore this controversy is presently ripe for decision. Fed.R. Civ.P. 56. Accordingly, Plaintiff's Motion for Summary Judgment is denied and judgment is entered for the Defendants.[1]

We will briefly recite the relevant facts of this case, construing them most favorably on behalf of the Plaintiff, and accepting her allegations as true.[2]

Plaintiff resided in the Bangor Heights Project of the Scranton Housing Authority, commencing on June 16, 1971. On September 19, 1975 a District Magistrate entered judgment against the Plaintiff for violations of the terms of her lease, including failure to pay rent, and disruptive, loud and unsanitary conduct.

On March 31, 1977, Plaintiff filed with the Scranton Housing Authority (Authority) an application for admission to low rent housing. Her application was denied because she was a former tenant of Bangor Heights who had once been evicted. On that day, a determination was made in writing and forwarded to the Plaintiff advising her of these facts. On April 7, 1977 Plaintiff requested an informal hearing with the Authority, and a hearing was held on April 15, 1977. Present at the hearing were Plaintiff, her attorney, and the Deputy Executive Director of the Housing Authority. Plaintiff stated at the hearing that a money

judgment against her had been dismissed by stipulation of counsel, and she requested admission to the low income housing program. She also testified that she was living in a condemned home, and her financial status mandated that she seek admission to the program. The Housing Authority did not request any evidence of the Plaintiff's rehabilitation, but it did not prevent her in any way from presenting such evidence on her own behalf.

At the conclusion of the hearing Plaintiff was informed that her request would be denied because of her prior eviction from Bangor Heights. She was informed that she was eligible for Section 8 Housing, and after completing an application, she was issued a certificate of eligibility for the program. Written notice of the results of this hearing were not sent personally to the Plaintiff, but on August 16, 1977, after three requests had been made, written notice was sent to Plaintiff's attorney.

Plaintiff now alleges that she was denied due process of the law because (a) she was not provided with a written notice of the results of the hearing, and (b) the Housing Authority did not consider evidence of her rehabilitation with regard to her application for re-admission to low income housing.

It is the opinion of this Court that there is no genuine issue as to any material fact. The preceding facts concerning the eviction, hearing and denial of Plaintiff's claim are not in dispute, nor is the procedure of the Scranton Housing Authority. "It necessarily follows that when the only issues to be decided in the case are issues of law, summary judgment may be granted." Wright & Miller, Federal Practice and Procedure: Civil Section 2725. Nor is the Court limited to granting summary judgment for the moving party. Defendants in their Brief have alleged that the undisputed facts warrant judgment in their favor.

---

1. Since we find in favor of the Defendants in this action, we do not reach the question of whether Plaintiff may bring this as a class action.

2. The Court is thus treating Defendant Scranton Housing Authority as the moving party. With regard to presumptions, see 6 Moore's Federal Practice § 56.04(2), at 76 (2d ed. 1953).

". . . the grant of summary judgment for the non-moving party clearly is proper if both sides agree that there are no material fact issues and join in the request that the case be decided, for the moving or the non-moving side, on the basis of a motion for judgment made by only one of them." *id.*, § 2720. *See also* 6 Moore's Federal Practice § 56.12 (2d ed. 1953); *Service Personnel, Etc. v. Colteryahn Diary, Inc.,* 436 F.Supp. 341 (W.D. Pa.1977).

This Court in reviewing the present action will attempt to ascertain whether certain procedural safeguards were afforded the Plaintiff, but it will not "second-guess state officials charged with the difficult responsibility of allocating limited public welfare funds among the myriad of potential recipients." *See Dandridge v. Williams,* 397 U.S. 471, 487, 90 S.Ct. 1153, 1163, 25 L.Ed.2d 491 (1969). Indeed the U.S. Housing Act of 1937 clearly states this principle in its declaration of policy.

Section 1437 *Declaration of Policy*

"It is the policy of the United States to promote the general welfare of the Nation by employing its funds and credit, as provided in this chapter, to assist the several States and their political subdivisions to remedy the unsafe and unsanitary housing conditions and the acute shortage of decent, safe, and sanitary dwellings for families of low income and, *consistent with the objectives of this chapter, to vest in local public housing agencies the maximum amount of responsibility in the administration of their housing programs.*" (emphasis added)

With these standards in mind, we will now examine Plaintiff's Claims. First, Plaintiff alleges that Defendants have denied her due process of the law by not providing her with a written notification of the denial of her request. Section 1437d(c)(3) of Title 42 requires only that the public housing agency provide any applicant determined ineligible for admission with notice of such ineligibility, and with the opportunity for an informal hearing upon request. Section 860.207(a) of Title 24,

C.F.R., requires the same, notification and an opportunity for a hearing.

On March 31, 1977, Plaintiff was informed in writing that her application for low income housing had been denied. On April 15, 1977 she was given an informal hearing with the Deputy Executive Director of the Scranton Housing Authority, at which time she was represented by her attorney. There is no allegation that she did not understand the charges against her. At the conclusion of the hearing Plaintiff was informed that the decision of the Authority would stand, she then filled out an application for Section 8 housing, and her lawyer informed the Deputy Executive Director that he would look into the possibility of a challenge to the Authority's action. Again, there is no allegation that Plaintiff did not understand the result of the hearing or the reasons supporting the Authority's decision.

Plaintiff cites the case of *Neddo v. Housing Authority of City of Milwaukee,* 335 F.Supp. 1397 (E.D.Wis.1971), in support of the proposition that the Housing Authority must follow up its hearing with written notice to the rejected applicants. The Court in *Neddo* held that the Housing Authority had denied the applicant due process by not granting her any hearing at all. It then went on to establish the standards that should be incorporated into a hearing, and held that a written decision be given to the rejected applicant within a reasonable time after the hearing. We agree with the *Neddo* Court that the best interests of the applicants may be served by a written explanation of the Housing Authority's decision. However, we do not agree that *Neddo* stands as authority for the contention that the Plaintiff has been denied due process. It is clear that the Defendants have acted in reliance on 42 U.S.C. Section 1437d(c)(3), and 24 C.F.R. Section 860.207(a), which do not require a written decision following the hearing. It is also undisputed that the Defendants did provide the Plaintiff's attorney with written notice of the Authority's decision, though the notice was four months after the hearing. Finally, there is no alle-

gation that the lack of written notice was injurious in any way to the Plaintiff. She knew of the decision and the reasons for it when she left the hearing on April 15, 1977.

■ We, therefore, hold today that the Scranton Housing Authority's failure to provide the Plaintiff with written notice of the results of their decision, or its delay in so informing her attorney, has not acted to deprive her of any liberty or property interest without due process of the law.

Plaintiff's second contention is that the Housing Authority denied her due process by failing to consider evidence of her rehabilitation and other criteria in regard to her application for re-admission. The Scranton Housing Authority contends that it made its judgment in full accordance with the criteria established for tenant selection.

With regard to the rejection of an applicant for public housing, 24 C.F.R. Section 860.205(a) sets the required standards:

> "*Standards for PHA tenant selection criteria*
>
> (b) The criteria to be established in relation to avoiding a concentration of families with serious social problems in PHA projects and information to be considered shall be reasonably related to whether the conduct of the applicant in present or prior housing has been such as would not be likely to interfere with other tenants in such a manner as to diminish their enjoyment of the premises by adversely affecting their health, safety or welfare or to affect adversely the physical environment or the financial stability of the project if the applicant were admitted to the project. Relevant information respecting habits or practices may include, but is not limited to:
>
> 1. *An applicant's past performance in meeting financial obligations, especially rent;*
>
> 2. *A record of disturbance of neighbors, destruction of property, or living or housekeeping habits at prior residences which may adversely affect the health, safety, or welfare of other tenants.*" (emphasis added)

Defendants have alleged, and counsel to both parties have stipulated, that on September 19, 1975 District Magistrate Robert W. Lewis entered judgment against the Plaintiff for the violation of the terms of her lease, including the failure to pay rent, and disruptive, loud, and unsanitary conduct. On March 31, 1977 Defendants notified Plaintiff that, because of that 1975 eviction, she would not be eligible for their program. This judgment is in full accordance with the standards listed above.

Plaintiff's primary claim with regard to the contents of the hearing is that the Authority failed to consider evidence of her rehabilitation. Section 860.205(d) of Title 24 C.F.R. provides that:

> "(d) In the event of the receipt of unfavorable information with respect to any applicant, consideration shall be given to the time, nature, and extent of the applicant's conduct and to factors which might indicate a reasonable probability of favorable future conduct or financial prospects. For example:
>
> (1) *Evidence* of rehabilitation;
>
> (2) *Evidence* of the applicant family's participation in or willingness to participate in social service or other appropriate counseling service programs and the availability of such programs;
>
> (3) *Evidence* of the applicant family's willingness to attempt to increase family income and the availability of training or employment programs in the locality." (emphasis added).

■ While Plaintiff contends that the burden of soliciting such information is upon the Defendants, they advance no reason, nor do they cite any authority, to support that theory. We point their attention to the language of the regulations. Consideration shall be given to "evidence." The regulations do not say "evidence shall be solicited," they say that it should be "considered." This does not put the burden on the Housing Authority, on the contrary, it squarely puts the burden on the applicant to bring forward evidence for consideration. The undisputed facts show that Plaintiff informed the Authority that she was pres-

ently residing in a condemned building, and that her judgment of eviction had been withdrawn. She advanced no evidence on behalf of her rehabilitation, her willingness to participate in social services, or any increase in her income. It is stipulated by counsel that this evidence was not brought forward, and that the Authority did not prevent its being presented.

We cannot agree with Plaintiff's contention that she was denied due process of the law simply because the Housing Authority failed to solicit from her evidence that she was entitled to bring on her own behalf. We read the law to say that evidence of such factors should be considered, not that it should be solicited. Plaintiff was represented by counsel at the hearing, and was presented with the opportunity to present evidence on her own behalf. Finally, we note that the standards outlined above, and promulgated by the Housing Authority, are published and provided to tenants and applicants. We, therefore, cannot hold that the Plaintiff has been denied a property interest without due process of the law.

Our holding today should not indicate any indifference to the serious problems of low income housing such as those faced by the Plaintiff in the present case. We recognize and appreciate the burdens faced by the Plaintiff in securing adequate housing for herself and her family. Nor do we mean to indicate that the Scranton Housing Authority should, or will, be given complete authority to manage its own affairs without any review of its actions by this Court. While we will remain consistent with the Congressional intent of the Housing Act in vesting the maximum amount of responsibility in the Housing Authority, we will recognize our duty to protect individual rights that have been violated by their actions.

With regard to our present Plaintiff, Gwen Lancaster, our holding today does not preclude her from seeking readmission to low income housing in the future. Neither does it preclude her from again seeking redress from the Courts should the Housing Authority fail to consider her application in accordance with the guidelines described herein. Nor does this decision indicate a blanket approval of the procedural actions of the Housing Authority. Indeed, we encourage them to make their appeal process more effective by reasonably providing to any rejected applicant a written explanation of the Authority's decision.

However, strictly deciding the case as it is presented to us, we do find that there is no unresolved issue as to any material fact, and that the Plaintiff Gwen Lancaster has been afforded due process of the law in the denial of her application for housing. Accordingly, Plaintiff's Motion for Summary Judgment is denied, and judgment is entered for the Defendants.