OPINION OF THE COURT
Sidney Leviss, J.
In this CPLR article 78 proceeding petitioner seeks to annul the decision of the New York City Housing Authority which found him ineligible for public housing.
In March of 1978 petitioner and his wife were found eligible *355 for public housing and subsequently received notice of an availability in the Edgemere housing complex. Petitioner appeared at the management office on November 15, 1978 wherein he was questioned about the necessary security deposit, rent and the surrender of his dog. The petitioner then alleges that upon his return to the management office on November 16, he was advised that a mere affidavit of surrender of his dog would be insufficient and a statement of surrender from the A.S.P.C.A. or a notarized statement from the new owner would be necessary.
It appears that this new requirement enraged the petitioner, resulting in an argument with the assistant manager, at which time petitioner threatened to kick her in the head. Petitioner returned later on the 16th with the affidavit, but was told at that time that his application had already been sent back to the central office due to his behavior. Petitioner then told the housing assistant in the complex that he was going to kill the assistant manager.
After the referral of petitioner’s application to the social services division, he received a notice on March 21, 1979 informing him that he did not meet the standards for admission. An informal conference was scheduled on the matter and petitioner was again found ineligible. This determination was sustained by the application review board on July 17, 1979.
Petitioner contends that respondent’s decision is discriminatory, arbitrary and capricious and a violation of due process. It is further asserted that petitioner’s conduct does not constitute a pattern of disruptive behavior as contemplated by the respondent’s own standards for admission.
A court’s function in a CPLR article 78 proceeding is not to substitute its judgment for that of an administrative body, but to determine whether a rational basis exists for the decision (Matter of Colton v Berman, 21 NY2d 322).
A review of the record reveals support for respondent’s finding. As stated by the Court of Appeals in Matter of Sumpter v White Plains Housing Auth. (29 NY2d 420, 425), "a party aggrieved by loss of a pre-existing right or privilege may enjoy procedural rights not available to one denied the right or privilege in the first instance.” Although petitioner and his wife were initially accepted as eligible tenants, they did not progress beyond the stage of applicants in that their rejection occurred prior to the taking of possession of the apartment and the fulfillment of monetary and formal written obliga *356 tians required of a tenant (see Spady v Mount Vernon Housing Auth., 41 AD2d 762, affd 34 NY2d 573). Petitioner was thus not entitled to a full evidentiary hearing (see Goldberg v Kelly, 397 US 254; Matter of Sumpter v White Plains Housing Auth., supra), but only to a notice of rejection for admission to public housing which, in this case, conformed with the provisions set forth in section 156-a of the Public Housing Law (see Matter of Velez v Christian, 75 Misc 2d 159).
Moreover, petitioner’s extremely violent reaction concerning the formalities of surrendering his dog falls within the disruptive and dangerous behavior contemplated by subdivision (f) of the New York City Housing Authority Standards for Admission which were promulgated to preserve the safety and welfare of persons residing and working within the public housing unit (see Matter of Manigo v New York City Housing Auth., 51 Misc 2d 829, affd 27 AD2d 803). The finding of ineligibility by respondents was founded upon petitioner’s undesirable behavior and was, therefore, a reasonable determination and will not be disturbed by this court.
Accordingly, the petition is denied and the proceeding is dismissed.