Virginia M. **VANDERMARK** and Barbara Handy, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**HOUSING AUTHORITY OF the CITY OF YORK, Marion I. Miller, in her capacity as Executive Director of the Housing Authority of the City of York, and the Department of Housing and Urban Development of the United States of America, Defendants.**

Civ. A. No. 79-1064.

United States District Court,
M. D. Pennsylvania.

Dec. 5, 1980.

---

Central Pa. Legal Services, Stephen D. Converse, York, Pa., for plaintiffs.

David Schaumann, York, Pa., for Housing Authority of City of York.

Barbara L. Kosik, Asst. U. S. Atty., Dept. of Housing and Urban Development of the U.S.A., Harrisburg, Pa., for defendant.

## MEMORANDUM

RAMBO, District Judge.

On June 23, 1980, this court granted defendants' motion for summary judgment with respect to plaintiffs' claims based upon allegations that Defendant York Housing Authority's (YHA) "indebtedness" policy violated the U. S. Housing Act and federal regulations governing Section 8 programs; that HUD's approval of YHA's "indebtedness" policy constituted improper rulemaking; and that YHA's "indebtedness" policy violated plaintiffs' right to equal protection under the Fourteenth Amendment. The court denied, without prejudice, defendants' motion for summary judgment with respect to plaintiffs' claim based upon violations of due process under the Fourteenth Amendment because the record then before the court was unclear as to the propriety of hearings afforded the plaintiffs. On July 17, 1980, defendants filed a new motion to dismiss or alternatively for summary judgment, with affidavits to support their position that procedural due process was met. Plaintiff filed a renewed motion for summary judgment on September 10, 1980, which was opposed in a brief filed on October 14, 1980, by Defendant YHA.

In its memorandum of June 23, 1980, this court held, albeit impliedly, that the "indebtedness" policy formulated by YHA did not violate substantive due process. Plaintiffs' bare allegations that the "indebtedness" policy is arbitrary, unreasonable, and unrelated to the purpose of the Section 8 housing program were unpersuasive. This conclusion was consistent with the holding of the court in *Neddo v. Housing Authority of City of Milwaukee,* D.C., 335 F.Supp. 1397, wherein the court stated it was "not willing to find that a policy which in an appropriate situation, denies admittance to an applicant who is in arrears of rent from a previous public housing occupancy does not serve some valid administrative purpose." *Id.* at 1399. This court was unable to ascertain from the record then before it, however, if defendants had complied with procedural due process requirements in the hearings allegedly afforded plaintiffs. As a result, the court denied, without prejudice, defendants' motion for summary judgment in that regard.

Defendants have, through an affidavit from Kathleen Meyers, Program Director, indicated that plaintiffs were given the opportunity to review the project office file and raise any and all issues they deemed relevant at the hearing. Indeed, plaintiffs' counsel admit, in their brief in support of a renewed option, that plaintiffs do not contest the procedural validity of the hearings which were afforded to each of the respective plaintiffs in the instant case." The procedure followed in the hearings afforded the plaintiffs the opportunity to explain their reasons for not paying the rent or that conditions have now changed so that they can or will be able to pay the rent in the future. It is now obvious that the

hearings afforded plaintiffs did comport with due process requirements. *Neddo, supra; Singleton v. Drew,* 485 F.Supp. 1020 (E.D.Wis.1980).

In their brief to renew their motion for summary judgment, plaintiffs' assert that the "indebtedness" policy violates substantive due process because it is arbitrary and inflexible–if a person has failed to pay back rent he is considered ineligible. While it is true that a person owing monies to YHA is automatically listed as ineligible, whether or not a person *remains* ineligible, however, is a different story. In essence, YHA has established a *rebuttable* presumption that persons owing monies for public housing are ineligible. Upon a showing that conditions have changed or that the presumption is inappropriate under the circumstances, the presumption is dropped and the person can then be classified as eligible. (See affidavit of Marion L. Miller, Executive Director of YHA.) Under these circumstances, the court remains unpersuaded that YHA's "indebtedness" policy constitutes a violation of substantive due process.

Defendants' motion for summary judgment will be granted; plaintiffs' renewed motion for summary judgment will be denied.