Ruben A. FERMAINT, Plaintiff,

v.

NEW YORK CITY HOUSING AUTHORITY, Defendant.

No. 88 Civ. 2280 (RWS).

United States District Court, S.D. New York.

March 20, 1989.

Ruben A. Fermaint, Brooklyn, N.Y., pro se.

Manuel H. Quintana, General Counsel, New York City, for defendant; Harry Steinberg, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff *pro se* Ruben A. Fermaint ("Fermaint") has sued defendant New York City Housing Authority (the "Authority"), alleging that it discriminated against him on the basis of race and religion when

it denied his application for public housing. The Authority has moved pursuant to Fed. R.Civ.P. 56 for summary judgment dismissing the complaint. For the reasons set forth below, the motion is granted, and the complaint is dismissed.

## The Parties

Fermaint is a New York resident who lived with his mother in the Jonathan Williams Plaza Housing Project (the "Williams Plaza") at the time of the events at issue here. Fermaint's sole source of income was a monthly Social Security payment that he received because he had been diagnosed as a paranoid-schizophrenic.

The Authority is an entity created pursuant to § 401 of the New York State Public Housing Law that owns and operates approximately 179,000 apartments in New York City.

## The Facts

On March 12, 1980, Fermaint applied for an apartment in the public housing projects the Authority operates. As federal and state law requires, the Authority investigated Fermaint to determine whether he would pose a danger or threat to the other residents.

Because his application revealed his paranoid-schizophrenic condition, the Authority referred Fermaint's application to a social worker. The social worker interviewed Fermaint at her office, met with Fermaint and his mother, Alejandrina Alicia ("Alicia"), at Alicia's home, visited the housing assistant at the Williams Plaza who was in charge of the building containing Alicia's apartment, telephoned the manager of Williams Plaza, and corresponded with two psychiatric centers that had cared for Fermaint.

The social worker's investigation revealed several facts she believed relevant to Fermaint's eligibility for public housing:

—The people she contacted who had dealt with or treated Fermaint found him to be unstable.

—Fermaint had been hospitalized several times for his psychiatric illness.

—On one occasion, Fermaint assaulted his mother, requiring police intervention and Fermaint's removal to a psychiatric hospital.

—Fermaint was very dependent on his medication, and he became agitated and restless when he neglected to take it.

—Fermaint suffered from delusional thinking.

Based upon these findings, the social worker in a report dated February 11, 1985 concluded that Fermaint's prognosis was guarded and recommended that the Authority deny his application for public housing.

Relying upon the social worker's report and the police report of Fermaint's assault on his mother, the Authority denied Fermaint's application for public housing. As is the case for all admissions decisions, the Authority's Housing Applications Department (the "Applications Department")—not a manager of a particular housing project—made the decision to deny Fermaint's application for public housing.

On August 25, 1985, Fermaint appealed this denial to the Authority's Division of Applicant Appeals (the "Appeals Division"). The Appeals Division held a hearing at which Fermaint appeared without counsel. According to the hearing officer, Fermaint appeared "extremely agitated, loud and excited" during the hearing. Fermaint also claimed at the hearing that the manager of the Williams Plaza rented apartments exclusively to Jewish tenants and that two female tenants at Williams Plaza were lesbians who practiced "Voodoo" on him. Based upon Fermaint's history and his conduct at the hearing, the hearing officer sustained the Authority's denial, reasoning that Fermaint might pose a threat to other public housing tenants.

On January 12, 1988, Fermaint filed a complaint with the New York State Division of Human Rights (the "Human Rights Division"), charging the Authority with racial and religious discrimination in denying his application for public housing. The Human Rights Division dismissed Fermaint's complaint because he had failed to bring it within one year of the alleged discrimination.

### Prior Proceedings

Fermaint has sued the Authority for damages, alleging that the Authority discriminated against him because of his race and religion when it denied his application for public housing. Fermaint's pleadings are somewhat unclear, but he appears to be alleging violations of the Fourteenth Amendment of the United States Constitution, the Civil Rights Acts, 42 U.S.C. §§ 1981, 1982, and 1983, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, and Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601 *et seq.* The Authority has moved for summary judgment dismissing the complaint pursuant to Fed.R.Civ.P. 56.

### Standard for Summary Judgment

Summary judgment is authorized if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *See id.* at 247–48, 106 S.Ct. at 2509–10; *Corselli v. Coughlin*, 842 F.2d 23 (2d Cir.1988). All doubts are resolved against the moving party, and all favorable inferences are drawn in favor of the party against whom summary judgment is sought. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir. 1985), *cert. denied*, —— U.S. ——, 108 S.Ct. 269, 98 L.Ed.2d 226 (1988); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (1983). The Supreme Court recently has made clear that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lob-*

*by, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### Fermaint's Failure to Establish a Triable Issue of Fact

Reasonable admission standards are essential if the state is to provide decent homes and a suitable living environment for public housing residents. Toward this end, the United States Department of Housing and Urban Development ("HUD") has adopted regulations authorizing public housing agencies, including the Authority, to adopt policies to exclude applicants who may pose a threat to their neighbors, 24 C.F.R. § 960.204, and to investigate the medical and psychiatric backgrounds of applicants. 24 C.F.R. § 960.206. Pursuant to these regulations, the Authority has set in place standards for investigating and evaluating applicants for public housing, and courts have upheld these screening procedures. *See, e.g., Manigo v. New York Housing Auth.*, 51 Misc.2d 829, 273 N.Y.S. 2d 1003 (N.Y.Sup.Ct.1966), *aff'd*, 27 A.D.2d 803, 279 N.Y.S.2d 1014 (1st Dep't), *cert. denied*, 389 U.S. 1008, 88 S.Ct. 568, 9 L.Ed.2d 604 (1967).

The Authority acted fairly and in compliance with its policies in denying Fermaint's application for public housing. When it learned of Fermaint's paranoid-schizophrenia, it appointed a social worker to investigate Fermaint and make a recommendation. The social worker conducted an extensive investigation and concluded that Fermaint would be an unsuitable public housing tenant. Relying on the social worker's report and a police report regarding Fermaint's assault on his mother, the Authority denied Fermaint's application. Dissatisfied with the result, Fermaint appealed to the Appeals Division, which held a hearing at which Fermaint appeared. The hearing officer sustained the Authority's denial, based upon the record and his own observations of Fermaint's conduct at the hearing.

Nothing in this statement of the facts supports an inference that the Authority's denial of Fermaint's application was based upon his race or religion. Fermaint's charge that the Authority discriminated

against him because he is Hispanic is completely unfounded—Hispanics reside in every housing project the Authority owns. Fermaint's claim that the manager of Williams Plaza only rents to Jewish tenants is equally without merit. The Applications Department, not the managers of individual housing projects, makes all admissions decisions. Fermaint cannot defeat the Authority's summary judgment by making conclusory allegations of discrimination unsupported by specific facts. *See Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980); *Union State Bank v. Weaver*, 526 F.Supp. 29, 31 (S.D.N.Y.1981).

Because there is no genuine issue as to any material fact, the Authority is entitled to summary judgment.

*Conclusion*

For the reasons set forth above, the Authority's motion for summary judgment is granted and the complaint is dismissed. Settle judgment on notice.

IT IS SO ORDERED.