John C. Maebach, J.
Petitioner is a tenant in a building operated by respondent, the Urban Renewal Agency of the City of White Plains. On September 17, 1970, respondent served petitioner with a 30-day notice to terminate. No reasons were-given in the notice to terminate. It is undisputed that there is at present no general eviction taking place in the subject premises as a result of a demolition of the building for the purpose of slum clearance or rehabilitation.
*294 It is petitioner’s contention that before she may be evicted,, she must be afforded written notice of the reasons for the termination of her tenancy with an opportunity for a hearing, at which time petitioner may challenge the basis for the termination. Petitioner argues that respondent is a public agency, an arm of the government, and is obliged to afford petitioner her due process rights when, as a landlord, it seeks to terminate the tenancy.
Respondent contends that the cases cited by petitioner refer only to public housing and not urban renewal. Respondent argues that, unlike a public housing authority, urban renewal agencies have as their prime statutory objective slum clearance and urban redevelopment, not public housing. The urban renewal agency, it is argued, is a transitory landlord. A further distinction urged upon the court is that there is no prior tenant screening procedure available to it and, in effect, it must take its tenants as it finds them.
Respondent has suggested that it is willing to enter into a stipulation whereby respondent’s petition in the summary proceeding against petitioner in the City Court of White Plains be amended to specifically allege the reasons for the termination of petitioner’s tenancy. . Respondent will then produce evidence to substantiate the reason for the termination of the tenancy and petitioner will then have the opportunity to be heard, to cross-examine respondent’s witnesses, to be represented by counsel, and in every respect effectively be given the opportunity to challenge and rebut all aspects of this proceeding. .
Respondent’s argument has merit when it discusses the difference between public housing and urban renewal. However, this argument involves a distinction without a difference since in both instances the government is acting as a landlord. When the government acts as a landlord, its acts are circumscribed by the Bill of Rights and the Fourteenth Amendment. It must not act arbitrarily for, unlike private landlords, it is subject to the requirements of due process of law. Arbitrary action is not due process. (Thorpe v. Housing Auth., 386 U. S. 670, 678.) Once the State embarks into the area of housing as a function of government, that function, like other governmental functions, is subject to constitutional command. (Matter of Vinson v. Greenburgh Housing Auth., 29 A D 2d 338, affd. 27 N Y 2d 675.) This court has had occasion recently to pass on this same question as it involved public housing authorities. (Matter of Williams v. White Plains Housing Auth., 62 Misc 2d 613, affd. 35 *295 A D 2d 965.) Other courts throughout the country in recent months have consistently followed the same approach. (Escalera v. New York City Housing Auth., 425 F. 2d 853, cert, den. 400 U. S. 853, 39 L. W. 3149 [1970]; Davis v. Toledo Metropolitan Housing Auth., 311 F. Supp. 795 [N. D. Ohio, 1970]; Ruffin v. Housing Auth. of New Orleans, 301 F. Supp. 251 [E. D. La., 1969].) Indeed, the Federal regulations as contained in the Federal Urban Renewal Handbook, Part 7211, recognize the importance of this period, between acquisition and development, to the on-site tenants and state that eviction is to take place “ only as a last resort ” and only under certain specified conditions (Handbook 7212.1, ch. 2 at 7). When both the purpose and function of government in the area of urban renewal is recognized, as it has been by both case law and regulations, the court finds that tenant should be afforded her basic constitutional rights.
Therefore, the court finds that when, as here, the urban renewal agency in its governmental capacity as a landlord exercises the right to terminate the tenancy, it must afford the tenant notice of the reason for the termination as part of the 30-day notice to quit, and must afford petitioner the opportunity to challenge the determination with the attendant right to counsel, right to present evidence and to cross-examine respondent’s witnesses.
The question remains how this should be done. Once the notice to terminate containing the reasons for the termination has been served on the tenant, this court believes that the procedure proposed by the urban renewal agency in this action is the best method of balancing the constitutional rights of the tenant with the administrative problems of the urban renewal agency. Unlike public housing authorities’ regulations, there are no specific State or Federal statutory provisions or regulations which set up administrative procedures whereby the tenant may challenge the basis for his or her tenancy. This court feels that the best method to avoid the necessity of setting up these administrative procedures with the costs and other problems which accompany those procedures, is to continue to utilize • the summary proceeding in the courts as the vehicle for termination of tenancy proceedings. This method will satisfy the due process constitutional rights of the tenant. The court will •sign a judgment which is to contain a provision providing for an amendment of the petition to encompass the directive contained herein.
Therefore, the motion is granted to the extent indicated above.