OPINION OF THE COURT
Richard W. Wallach, J.
This application under CPLR article 78 for a judgment vacating and annulling a determination by respondent Richard A. Berman as Commissioner of New York State Division of Housing and Community Renewal (the Division) dated October 28, 1982, increasing the monthly room rentals for the tenants occupying the Eastwood Building on Roosevelt Island is granted.
On or about May 13, 1982, North Town Phase I Houses Inc. (Housing Company) the owner and operator of a limited profit housing apartment project (Eastwood) containing 1,003 residential units on Roosevelt Island, applied for a rental increase which as presently approved would increase by $19.62 per room the monthly rent bill of each tenant. This application was made to the Division pursu *495 ant to section 31 of the Private Housing Finance Law. Prior to the application the Division had in implementation of the statute promulgated regulations (9 NYCRR 1728-3.1 et seq.) which governed the contents and procedures to be followed in connection with such applications.
It is undisputed that the Division, in processing the application, failed to comply with its own regulations then in force in at least two respects material here: First, although 9 NYCRR 1728-3.6 (a) required that the notice of the application required to be delivered to each tenant must include notice of “a meeting or hearing as the commissioner shall determine” the notice actually delivered here contained no provision for a hearing whatsoever but simply, in this connection, the following statement: “You now have the opportunity to comment, in writing, on the rent increase proposed by the housing company and on the DHRC analysis, if you choose to do so.” (Emphasis added.) Second, although 9 NYCRR 1728-3.2 (c) requires a rent revision application to contain a “four-year projection of operations” (emphasis added), the Housing Company budget submitted here covered only the period commencing September 1,1982, and terminating on December 31,1983, a total of a year and a quarter.
Housing, as a function of State government, is subject to “constitutional command” (Matter of Johnson v White Plains Urban Renewal Agency, 65 Misc 2d 293-294), and due process requirements have been imposed upon State agencies in this area (Laureano v Koch, 116 Misc 2d 287). Fair notice and the right to a hearing are matters of substantive due process. The Division’s answer to these criticisms — that their actions are sanctioned under new regulations which became effective September 29, 1982 — is no answer at all, inasmuch as the interested adverse parties had no knowledge or notice of these new regulations or the abridgement of their rights thereunder.
It has long been settled that an agency’s regulations promulgated pursuant to statutory authority are binding upon the agency itself as well as others (People ex rel. Doscher v Sisson, 222 NY 387, 393-394). “[Rjules of an administrative agency which regulate procedure affecting substantial rights of individuals may not be waived by the *496 agency” (Matter of Lehman v Board of Educ., 82 AD2d 832, 834). While an agency may sometimes waive its own rules “in the interests of justice”, it certainly may not do so where the substantive rights of individuals are prejudiced (Matter of Lake Placid Club v Abrams, 6 AD2d 469, 472, affd 6 NY2d 857).
The court holds that petitioners were prejudiced by the denial of an early hearing, and also by the insufficient budget projection. Because of the special history of this project, including a lengthy rent strike and a contemplated renegotiation of the mortgage, the missing budget information could well have critical significance to petitioners. In any event it was not the prerogative of the Division unilaterally to relieve the Housing Company of the duty to furnish the four-year projection. It is interesting to note that data furnished was insufficient even under the Division’s new regulations (9 NYCRR 1728-1.2 [b] [6]) which require a full two-year projection, and not the 15-month analysis given here.
In view of the foregoing, the court need not reach or pass upon petitioners’ contentions that proper delivery of the notice to all tenants was not effected.
The cross motion to dismiss the petition as against it by the New York State Mortgage Loan Enforcement and Administration Corporation must be granted, and the balance of the proceeding severed. It is clear that this respondent has at the present time violated no affirmative duty to petitioners, and they are not presently a proper party either to the proceeding or the judgment to be entered herein.
Let petitioners settle a judgment annulling the determination complained of as to all tenants of Eastwood without prejudice to further proceedings by the Housing Company for an upward revision of rentals in compliance with law if it be so advised.