■ JOHN R. CAMP, Appellant, v PATRICIA M. CAMP, Respondent. — In an action for a conversion no-fault divorce, pursuant to subdivision (6) of section 170 of the Domestic Relations Law, the plaintiff husband appeals from an order of the Supreme Court, Suffolk County (McInerney, J.), dated October 8, 1982, which denied his motion for summary judgment. Order reversed, on the law, without costs or disbursements, and motion granted. By his verified complaint, moving affidavit and reply affidavit, the plaintiff husband alleged compliance with the parties' separation agreement, that the parties had lived separate and apart pursuant thereto for more than a year and that a memorandum of such agreement was filed with the county clerk. Defendant's answer asserted general denials of these allegations, but, in effect, conceded compliance with the support provision of the separation agreement and that such agreement was filed with the county clerk. In opposition to plaintiff's motion for summary judgment defendant submitted only an affidavit of her attorney which, for the most part, reasserted the allegations of the defendant's answer and alleged that defendant's general denials were sufficient to require plaintiff to come forward with proof of his compliance with the separation agreement. In addition, counsel alleged that plaintiff failed to pay a $32 dental bill. It is axiomatic that a party seeking to defeat a motion for summary judgment is required to lay bare his proof in an affidavit sworn to by one having knowledge of the facts. This defendant failed to do. Accordingly, her opposition to plaintiff's motion would have been properly discounted. A general denial, as

that asserted by defendant in her verified answer, is insufficient to defeat a motion for summary judgment in a case such as that *sub judice,* where plaintiff's allegations of compliance with the agreement in question satisfies the requirements of the applicable statute (Domestic Relations Law, § 170, subd [6]) and defendant's answer tends to support such allegations, notwithstanding her general denials. Defendant in her answer and her counsel in his opposing affidavit make much of defendant's alleged poverty and her inability to earn a living wage. These considerations are irrelevant on a motion such as this, in that, even if true, defendant's ability to live on the support granted her by the parties' separation agreement would not constitute a bar to a granting of a divorce. Significantly, defendant did not counterclaim for an increase in support nor to set aside the separation agreement as unconscionable. As it is a far simpler task to establish noncompliance with certain terms of an agreement than to document total compliance therewith, plaintiff's general assertion of compliance shifted the burden of coming forward with evidence of noncompliance to the defendant. At the very least, defendant should have submitted her own personal affidavit in opposition, which attested to specific acts of plaintiff's noncompliance. Of significance is the fact that Special Term granted plaintiff's motion following initial submission of motion papers, but thereafter reversed itself and vacated its earlier order granting the motion, following submission to Special Term of a letter from defendant's counsel which was in the nature of a motion to reargue, which reiterated several of the allegations previously made on defendant's behalf and which, additionally, pointed out counsel's belief that summary judgment was inappropriately granted in a case such as that herein which involved two infant children, who were not parties to the separation agreement, and their right of support from their father. Though a copy of this letter was sent to plaintiff's attorney, it is clear that proper motion practice was not adhered to in this regard by defense counsel. The letter was unsworn and plaintiff was not accorded a demand for specific relief by defendant or the opportunity to formally reply. Moreover, the issue of support for the children was not sealed with the signing of the agreement, nor will it be affected by the granting of summary judgment dissolving their parents' marriage. Defendant may make a motion for an upward modification of child support, notwithstanding either. For the foregoing reasons, Special Term erred in denying the plaintiff's motion. Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.