OPINION OF THE COURT
Gerard H. Rosenberg, J.
Petitioner, the City of New York, moves for an order striking respondent’s affirmative defenses and for summary judgment granting possession.
Respondent opposes the motion on the basis of its numerous affirmative defenses.
This action is a holdover proceeding brought by the City of New York to recover possession of real property located at 269 Ellery Street, Brooklyn, New York. These premises were acquired by the City of New York after nonpayment of real estate taxes. The usual policy of the City of New York is to lease property on a month-to-month basis until it can be sold back to the private sector and returned to the tax rolls.
On June 26, 1984, respondent and petitioner entered into a "short term” lease agreement for the rental of the premises at a monthly rate of $425. The lease further provided that the rent would be reduced to $35 in the event respondent entered into a contract of purchase of the premises with the Public Development Corporation.
Thereafter, on September 11, 1984, William J. Pymm and Edward Pymm entered into a contract of purchase of the premises with the Public Development Corporation and the rent was reduced to $35 in accordance with the lease provision. The reduced rent was in fact paid until January of 1986.
On July 29, 1986, petitioner commenced this holdover proceeding to terminate respondent’s tenancy. Respondent’s answer was served on or about August 11, 1986 which raised several affirmative defenses.
Respondent’s first affirmative defense alleges that the court lacks jurisdiction due to petitioner’s acceptance of rent, thereby asserting that petitioner consented to respondent’s continued occupancy of the premises.
Although respondent claims that petitioner accepted rent, respondent has not attached any evidence of same to the papers herein. The affidavit in opposition has failed to address this issue. Inasmuch as petitioner has made a prima facie showing that the rent has not been paid since January 8, 1986, it was incumbent upon the respondent to show that *567 their defense is real and can be established at trial. (Indig v Finkelstein, 23 NY2d 728.)
It is axiomatic that a party seeking to defeat a motion for summary judgment is required to lay bare his proof in an affidavit sworn to by one having knowledge of the facts. (Camp v Camp, 98 AD2d 739 [1983].) Since the respondent has failed to submit any proof regarding this issue, respondent’s defense of lack of jurisdiction is hereby stricken.
Respondent’s second affirmative defense alleges that petitioner failed to properly serve respondent with a written notice of termination. This defense had been withdrawn after a traverse hearing.
Respondent’s third and fourth affirmative defenses allege that petitioner has acted in an "arbitrary and capricious manner”. In its affidavit in opposition, respondent claims that it was entitled to know the reason for the termination of its tenancy. It is implied that this proceeding was commenced in retaliation for an ongoing dispute between Pymm Thermometer Corp. and the Department of Health.
Clause 34 of the lease between the parties states that respondent is a month-to-month tenant. In addition, clause 35 states that the "Landlord may terminate the tenancy at the end of the Term or at any later time by giving the Tenant at least thirty (30) days prior written notice of the termination date”. It is beyond cavil that if petitioner was a private landlord, the tenancy could be terminated at will or arbitrarily without stating any reason whatsoever.
Respondent argues that when the City of New York acts as a landlord, it must not act arbitrarily and is subject to the requirements of due process of law. (Matter of Johnson v White Plains Urban Renewal Agency, 65 Misc 2d 293.)
The seminal case in this area is Matter of Vinson v Greenburgh Hous. Auth. (29 AD2d 338, 341) which states: "[o]nce the State embarks into the area of housing as a function of government, necessarily that function, like other governmental functions, is subject to the constitutional commands.”
Although Vinson (supra) and its progeny carve out this right for public housing, the court, after extensive research, has been unable to find any reported case which extended this right to commercial tenants as opposed to public housing tenants. The reasoning is simple. The government is subject to the requirements of due process of law, where it has entered an area such as housing so pervasively that it has become a *568 function of government. As a function of government, it is subject to the requirements of due process of law and cannot act arbitrarily and capriciously. However, where, as in the instant case, the government acts only on a temporary or sporadic basis, these activities do not constitute a function of government. Therefore, the government is not subject to the requirements of due process. Accordingly, respondent’s fourth affirmative defense is hereby stricken.
The fifth affirmative defense claims that petitioner breached the implied covenant of good faith and fair dealing. Paragraph 30 of respondent Pymm’s affidavit in opposition states that: "The City has breached the implied covenant of good faith and fair dealing in Lease #3298 by frustrating and preventing Pymm from purchasing the 269 Ellery St. premises”.
Clearly, this defense relates to the alleged breach of the contract of sale of the Ellery Street premises and not to this holdover action. Accordingly, respondent’s fifth affirmative defense is hereby stricken.
The sixth affirmative defense alleges that the City of New York had not brought this proceeding in a timely fashion, and, therefore, is barred by the doctrine of loches.
Laches is a valid defense when the delay is to the detriment of the tenant. However, where the delay, if any, benefits the tenant, loches is not a defense. Accordingly, respondent’s sixth affirmative defense is hereby stricken.
The seventh affirmative defense alleges that petitioner is equitably estopped from bringing this proceeding. The doctrine of estoppel involves reliance by a party who justifiably relies upon a misrepresentation to his detriment.
Even if the other elements of estoppel can be proven, respondent has failed to prove that it was entitled to rely upon petitioner’s alleged representations.
Clauses 34 and 35 of the lease clearly state that respondent is a month-to-month tenant who can be terminated upon 30 days’ notice. Accordingly, respondent’s seventh affirmative defense is hereby stricken.
In its affidavit in opposition, respondent also raises an equitable defense. Respondent alleges that its position as a contract vendee defeats the petitioner’s "right to bring a summary proceeding”.
In Barbarita v Shilling (111 AD2d 200, 201-202) the court held that:
"[T]he general rule is that execution of a contract of sale *569 between landlord and tenant serves to merge the landlord-tenant relationship into the vendor-vendee relationship and thus effectively terminates the former, unless the parties clearly intend the contrary result * * *
"An intention to deviate from the general rule and to avoid a merger * * * may be inferred from a medley of factors such as the terms of the agreement, the circumstances of its making, and the subsequent behavior of the parties (see generally, Rae Co. v Courtney, 250 NY 271; 2 Rasch, NY Landlord and Tenant § 690 [2d ed]).”
In the instant case, the lease requires that rent must be paid even if a contract of purchase is entered into with the Public Development Corporation. This rent was in fact paid until January of 1986. Clearly, the parties to the contract and the contract itself envisioned that a landlord-tenant relationship would remain even after respondent became a contract vendee. Additionally, the court notes that there can be no merger in this case since the parties to the lease are different than the parties to the contract of sale.
Accordingly, all defenses having been stricken, and there being no question of fact, judgment is granted in favor of petitioner. The warrant shall issue forthwith, execution shall be stayed to and including July 31, 1987.
Said stay is conditional upon respondents paying petitioner use and occupancy at the rate of $35 a month through the period ending on November 31, 1986. Thereafter, respondent shall pay use and occupancy the rate of $425 per month. Said use and occupancy shall be paid within five days after same becomes due.