■ PHILLIP DEMACOS, Respondent, v JUNE DEMACOS, Appellant.—In a matrimonial action, the defendant wife appeals from an order of the Supreme Court, Suffolk County (Fierro, J.), dated September 17, 1987, which denied her motion for, *inter alia,* partial summary judgment on her first counterclaim for a divorce.

Ordered that the order is reversed on the law, with costs, the defendant's motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing, *inter alia,* on the issues of custody and the wife's third, fourth and fifth counterclaims.

In her moving papers, the defendant submitted evidentiary proof in admissible form *(see, Zuckerman v City of New York,* 49 NY2d 557) indicating that she was entitled to a divorce pursuant to Domestic Relations Law § 170 (6), as she and the plaintiff were living separate and apart pursuant to a separation agreement for over one year. In opposition, there was submitted an affirmation of the plaintiff's attorney having no personal knowledge of the facts. Such an affirmation has no probative value and is insufficient to defeat a motion for summary judgment *(see, Camp v Camp,* 98 AD2d 739; *Fauci v Milano,* 15 AD2d 939, 940, *affd* 12 NY2d 926; *Kartiganer Assocs. v Town of New Windsor,* 132 AD2d 527, *lv denied* 70 NY2d 612). In any event, the attorney's affirmation did not contradict the essential factual allegation contained in the defendant's motion. To the contrary, the plaintiff's counsel stated in his affirmation that "I can honestly say that my client is not adverse to obtain a divorce on the grounds of a separation agreement".

Under the circumstances, the defendant's motion for, *inter alia,* partial summary judgment for divorce should have been granted *(see, Camp v Camp, supra).* Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.